*321 CAVANAGH, J.
(dissenting). I respectfully dissent and would affirm the judgment of the Court of Appeals, which vacated defendant’s convictions and remanded for a new trial.
I would hold first that the public policies or state interests that the trial court relied on to justify allowing the two-way, interactive video testimony did not outweigh defendant’s right of confrontation, as guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. Pursuant to Maryland v Craig, 497 US 836, 850, 852; 110 S Ct 3157; 111 L Ed 2d 666 (1990), a trial court may only employ a procedure that infringes on a defendant’s right of confrontation if the court has made an individualized finding that the “denial of such confrontation is necessary to further an important public policy” or “important state interest.”[1] On remand, the trial court in this case cited cost savings, efficiency, convenience of the witnesses, and avoiding delay as the public policies or state interests justifying the video testimony, yet failed to explain how these interests were important enough to outweigh defendant’s right of confrontation. I would hold that cost savings, efficiency, convenience of the witnesses, and avoiding delay are not sufficiently important state interests to justify the abrogation of a defendant’s right of confrontation.
In my view, the majority improperly avoids the aforementioned issue under Craig by concluding that defen *322 dant waived his right of confrontation through his attorney when the attorney stated, “I understand this is this particular courtroom’s first attempt at this type of technological proceeding, and my client has — wanted to question the veracity of these proceedings, so I’ll leave that to the Court’s discretion.”[2] Assuming arguendo that defense counsel’s statement that she would leave the matter to the discretion of the trial court constituted an attorney’s waiver, I disagree with the majority’s conclusion that defense counsel’s statement effected a valid waiver of defendant’s right of confrontation. Rather, I would hold that there can be no effective waiver of that right by an attorney when the record clearly shows that the attorney’s purported waiver was in direct contravention of the defendant’s express objection. As the majority notes, defense counsel admitted on remand that her statement to the trial court that her client wanted “to question the veracity of these proceedings” was “[absolutely” her expression of defendant’s objection to the use of two-way video testimony. Defense counsel later admitted, however, that she never actually objected. Consistently with defense counsel’s testimony, defendant testified on remand that he instructed his attorney to object and that she stood and made the “veracity of the proceedings” statement, but never used the word “object.” Thus, it is clear that defendant objected, voiced his objection to his attorney, and instructed her to object, yet defense counsel failed to communicate a cognizable objection despite her client’s instruction.
The majority acknowledges that an attorney cannot waive a client’s core constitutional right of confronta *323 tion over the client’s objection. Yet the majority’s opinion condones an attorney’s decision to make no cognizable objection, even though the attorney is aware that her client wishes to object. By holding that “the right of confrontation may be waived by defense counsel as long as the defendant does not object on the record,” ante at 315, the majority essentially charges criminal defendants with the legal knowledge and skill of an attorney. Under the majority’s new rule, when an attorney fails to voice a proper objection to a procedure that implicates a core constitutional right, the defendant will be required to know the legal basis for the objection, override his attorney, and make the objection on the record himself. It is the attorney’s duty to object, not the client’s. In my view, the majority opinion allows a defense attorney to waive a criminal defendant’s right of confrontation despite the defendant’s unequivocal objection to the attorney.
Additionally, while I agree with the majority opinion that the good-cause standard for use of two-way video testimony in MCR 6.006(C) is not synonymous with the Craig standard of “necessary to further an important public policy” or “state interest,” I do not agree with the majority that defendant consented under MCR 6.006(C)(2). The same facts that support my conclusion that defendant did not waive his right of confrontation support my conclusion that defendant did not consent to the video testimony. Therefore, I would affirm the Court of Appeals’ judgment and hold that the video testimony was not properly admitted under MCR 6.006(C).
Finally, I agree with the Court of Appeals that the error affected the outcome of the proceedings because the chain of evidence for the DNA could not have been established without the foundational testimony provided by Palusci and Wolfarth.
*324 Therefore, I respectfully dissent and would affirm the Court of Appeals’ decision to vacate defendant’s convictions and sentences and remand for a new trial. The right of confrontation is too important for a court to condone an attorney’s waiver or consent over the unequivocal objection of a criminal defendant.
MAKILYN KELLY, J., concurred with CAVANAGH, J.

 Because both Dr. Vincent Palusci and Rodney Wolfarth took the oath to testify truthfully, were subject to cross-examination, and could be observed by the jury when testifying, I agree that the use of the two-way, interactive video technology in this case implicates only the “physical presence” requirement of the Confrontation Clause. See Craig, 497 US at 845-846 (noting that the right of confrontation includes four elements: “physical presence, oath, cross-examination, and observation of demeanor by the trier of fact”).

 In my view, the meaning of this statement is so inscrutable that the trial court should have inquired further to determine whether defendant was objecting.